**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

PACIFIC WESTERN BANK, SUCCESSOR BY MERGER TO CAPITALSOURCE BANK

    Plaintiff,

v.

DENVER HOLDING COMPANY, LLC, an Ohio limited liability company; QSL DENVER, LLC, an Ohio limited liability company; BMGKG, LLC, an Ohio limited liability company; BOLAN MANAGEMENT GROUP, LLC, an Ohio limited liability company; BARTORADO, LLC, an Ohio limited liability company; AMY BOLAN, an individual; ROBERT BOLAN, an individual; and JOHN LEMAY, an individual.

    Defendants,

## COMPLAINT

Plaintiff, Pacific Western Bank, successor by merger to CapitalSource Bank, by and through its attorneys, Coan, Payton & Payne, LLC, for its Complaint, states and alleges as follows:

### NATURE OF THE ACTION

1. On June 29, 2012, Plaintiff loaned funds to Defendants Denver Holding Company, LLC ("Denver Holding") and QSL Denver, LLC ("QSL") (Denver Holding and QSL are collectively referred to herein as the "Borrowers") in the amount of $3,913,000.00 (the "Loan") for the purpose of purchasing commercial real property located at 10392 Reed Street, Westminster, Colorado. (Denver Holding and QSL are collectively referred to herein as the "Borrowers.")

2. The Loan was documented by the Borrowers executing a Promissory Note of the same date payable to CapitalSource Bank, its successors or assigns ("Note").

3. The Note requires the Borrowers to make regular monthly payments to CapitalSource Bank, its successor or assigns.

4. The Note is insured by the United States Small Business Administration ("SBA").

5. The repayment of the Note was secured by a lien against the Property, seven unconditional guarantees and one unconditional limited guarantee.

6. The Borrowers have defaulted under the terms of the Note by failing to make regular monthly payments when due.

7. Based upon the default, Plaintiff has elected to declare the entire principal balance, together with accrued and accruing interest and other fees and charges allowable under the Note due and owing and seeks a judgment against all Defendants, who are the Borrowers and Guarantors on the Note.

## THE PARTIES

8. Plaintiff is a bank with its principal place of business in Los Angeles, California. Plaintiff maintains an office and place of business at 5404 Wisconsin Avenue, 2nd Floor, Chevy Chase, Maryland 20815.

9. Defendant Denver Holding is an Ohio limited liability company having an address of 6030 Wentworth SW, Canton, Ohio 44706.

10. Defendant QSL is an Ohio limited liability company having an address of 10392 Reed Street, Westminster, Colorado 80021.

11. Defendant BMGKG, LLC ("BMGKG") is an Ohio limited Liability Company having an address of 5553 Whipple Avenue NW, Suite 4, North Canton, Ohio.

12. Defendant Bolan Management Group, LLC ("Bolan Management") is an Ohio limited liability company having an address of 6455 Cardinal Hill, North Canton, Ohio 44720.

13. Bartorado, LLC ("Bartorado") is an Ohio limited liability company, having an address of 6370 Mt. Pleasant Street NW, North Canton, Ohio 44720.

14. Defendant Amy Bolan is an individual having a last known address of 3009 Willowrow Avenue, NE, Canton, Ohio 44705.

15. Defendant Robert Bolan is an individual having a last known address of 3009 Willowrow Avenue NE, Canton, Ohio 44705.

16. Defendant John Lemay is an individual having a last known address of 8566 Henry Street SW, Navarre, Ohio 44662.

## JURISDICTION

17. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. The Plaintiff has citizenship which is diverse from all of the Defendants. The principal balance owed to Plaintiff by Defendants is $1,433,245.61, thus the amount in controversy exceeds $75,000.00.

## FACTUAL ALLEGATIONS

18. Plaintiff incorporates paragraphs 1 through 17 above as though fully set forth herein.

19. The Borrowers applied for an SBA loan through Plaintiff to allow them to purchase a restaurant in Westminster, Colorado known as Quaker Steak and Lube.

3

20. On June 28, 2012, the SBA approved the Loan to the Borrowers in the amount of $3,913,000.00. (See SBA Authorization attached hereto as **Exhibit 1**). By virtue of its Authorization, the SBA agreed to guarantee 75 percent of the loan to assist the Borrowers.

21. Based upon the SBA Authorization, Plaintiff made the Loan to the Borrowers in the amount of $3,913,000.00 with $3,780,000.00 to be used to purchase the Property located at 10392 Reed Street, Westminster, Colorado 80021 and $133,000.00 to be used for closing costs and working capital.

22. On June 29, 2012, the Borrowers executed the Note obligating them to repay Plaintiff the principal sum of $3,913,000.00 in monthly payments over a twenty-five year term. In addition, the Note provides that the Borrowers would pay Plaintiff interest, late charges and other amounts incurred by Plaintiff. A copy of the Note is attached hereto as **Exhibit 2**.

23. Repayment of the Loan was secured by a Deed of Trust encumbering the Property. Said Deed of Trust was recorded on July 13, 2012 at Reception Number 2012072625 of the real property records of Jefferson County, Colorado (the "Deed of Trust"). A copy of the Deed of Trust is attached hereto as **Exhibit 3**.

24. In addition, repayment of the Loan was secured by seven unconditional guarantees and one limited guarantee described as follows:

    a. Unconditional Guarantee dated June 29, 2012, executed by Robert Bolan as President of Defendant BMGKG, LLC (**Exhibit 4**);

    b. Unconditional Guarantee dated June 29, 2012, executed by Mark Snyder as President of Defendant Bolan Management Group, LLC (**Exhibit 5**);

    c. Unconditional Guarantee dated June 29, 2012, executed by Mark Bartuseck as Manager of Defendant Bartorado, LLC (**Exhibit 6**);

    d. Unconditional Guarantee dated June 29, 2012, executed by Defendant Robert Bolan (**Exhibit 7**);

    e. Unconditional Guarantee dated June 29, 2012, executed by Mark Snyder (**Exhibit 8**);

    f. Unconditional Guarantee dated June 29, 2012, executed by Mark Bartuseck (**Exhibit 9**);

    g. Unconditional Guarantee dated June 29, 2012, executed by Defendant John Lemay (**Exhibit 10**);

    h. Unconditional Limited Guarantee dated June 29, 2012, executed by Defendant Amy Bolan (**Exhibit 11**).

The guarantees described above are referred to herein collectively as the "Guarantees," and the guarantors are referred to herein collectively as the "Guarantors."

25. The Guarantees are clear that each guarantor unconditionally guarantees payment to Plaintiff of all amounts owing under the Note and that the Guarantees remain in effect until the Note is paid in full.

26. The Guarantees are clear that each Guarantor promises to pay all expenses Plaintiff incurs to enforce the Guarantees, including attorney's fees and costs.

27. The Guarantees are clear that all individuals and entities signing as Guarantors are jointly and severally liable.

28. The Guarantees are clear that Plaintiff may release any of the collateral.

29. The Guarantees are clear that Plaintiff may release any Guarantor of the Note.

30. The Guarantees are clear that Plaintiff may compromise or settle with any Guarantor of the Note.

31. The only limitation on any of the Guarantees is the guarantee executed by Defendant Amy Bolan, which limits the amount due to the Plaintiff from Amy Bolan to the amount Plaintiff obtains from the following collateral pledged: 3009 Willowrow Avenue NE, Canton, Ohio.

32. The Borrowers defaulted under the terms of the Note by failing to make monthly payments when due. Subsequent to such default, Plaintiff agreed to allow Borrowers to sell the Property for less than Plaintiff was owed. Plaintiff agreed that it would release its lien against the Property (the "Sale Agreement").

33. Pursuant to the Sale Agreement, a closing took place on April 27, 2016, wherein Borrowers sold the Property to another entity and Plaintiff received $2,239,782.35 from the sale.

34. Pursuant to the Sale Agreement, Plaintiff executed a release of its Deed of Trust against the Property.

35. Pursuant to the Sale Agreement, Borrowers and the Guarantors agreed and acknowledged that Plaintiff was not releasing any Guarantors or Borrowers from the additional amounts still due under the terms of the Note. (See **Exhibit 12-** letter dated April 6, 2016.)

36. Plaintiff has demanded payment from the Borrowers and the Guarantors, but has not been paid in full.

## CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

37. Plaintiff incorporates paragraphs 1 through 36 above as though fully set forth herein.

38. Defendants Denver Holding Company, LLC and QSL Denver, LLC breached their contract with Plaintiff by failing to make payments when due.

39. Each Defendant Guarantor, BMGKG, LLC, Bolan Management, LLC, Bartorado, LLC, Amy Bolan, Robert Bolan, and John Lemay breached his/her/its contract with Plaintiff by failing to make payment to Plaintiff when demanded.

40. As of the date of the filing of this Complaint, the amount due and owing to Plaintiff is $1,837,060.45.

## RELIEF REQUESTED

41. Plaintiff seeks a judgment against Defendants Denver Holding Company, LLC and QSL Denver, LLC for the full amount due and owing under the Note including principal, interest, late charges, attorney's fees and other amounts incurred by Plaintiff; and.

42. Plaintiff seeks a judgment against Defendants BMGKG, LLC, Bolan Management, LLC, Bartorado, LLC, Amy Bolan, Robert Bolan, and John Lemay, as Guarantors, for the full amount due and owing under the Note, including principal, interest, late charges, attorney's fees and other amounts incurred by Plaintiff; and

43. Plaintiff seeks a judgment against each of the Defendants for interest on the amount of any judgment entered by this Court, at the rate set forth in the Note, from the date of the issuance of the judgment until paid in full.

Respectfully submitted this 13th day of July, 2016.

                          COAN, PAYTON & PAYNE, LLC


                          /s/ *Deanne R. Stodden*

                          Deanne R. Stodden
                          999 18th Street, Suite S1500
                          Denver, CO 80202
                          Telephone: (303) 861-8888
                          Email: dstodden@cp2law.com

                          ATTORNEYS FOR PLAINTIFF PACIFIC WESTERN
                          BANK SUCCESSOR BY MERGER TO
                          CAPITALSOURCE BANK



PLAINTIFF'S ADDRESS:
5404 Wisconsin Avenue, 2nd Floor
Chevy Chase, Maryland 20815

8